**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| GOTV NETWORKS LLC,<br><br>Plaintiff,<br><br>v.<br><br>THE HOME DEPOT, INC.,<br><br>Defendant. | Case No. 2:26-CV-211-JRG<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANT'S MOTION TO DISMISS BASED ON IMPROPER VENUE**

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION .......... 1
II. FACTUAL AND PROCEDURAL BACKGROUND .......... 1
III. LEGAL STANDARD .......... 3
IV. ARGUMENT: VENUE IS IMPROPER UNDER SECTION 1400(b) .......... 5
A. The First Prong of Section 1400(b): THD Does Not "Reside" in the Eastern District of Texas. .......... 5
B. The Second Prong of Section 1400(b) .......... 5
1. THD Does Not Have a "Regular and Established Place of Business" in the Eastern District of Texas. .......... 5
2. THD Has Not "Committed Acts of Infringement" in the Eastern District of Texas. .......... 7
V. CONCLUSION .......... 7

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Aeritas, LLC v. Darden Corp.*,
No. 6:20-CV-00938-ADA, 2021 WL 4868430 (W.D. Tex. Oct. 18, 2021)....4

*AlexSam, Inc. v. Simon Prop. Grp. (Texas), L.P.*,
No. 2:19-CV-00331-JRG, 2021 WL 9816147 (E.D. Tex. Aug. 19, 2021)....4

*Andra Grp., LP v. Victoria's Secret Stores, LLC*,
No. 4:19-cv-288-ALM-KPJ, *report and recommendation adopted*, 2020 WL 2478546 (E.D. Tex. Feb. 24, 2020)....6

*Celgene Corp. v. Mylan Pharmaceuticals, Inc.*,
17 F.4th 1111 (Fed. Cir. 2021)....4, 6

*In re Cray Inc.*,
871 F.3d 1355 (Fed. Cir. 2017)....4

*Kranos IP Corp. v. Riddell, Inc.*,
No. 2:17-CV-443-JRG, 2017 WL 3704762 (E.D. Tex. Aug. 28, 2017)....4, 7

*Panda Brandywine Corp. v. Potomac Elec. Power Co.*,
253 F.3d 865 (5th Cir. 2001)....4

*Snyders Heart Valve LLC v. St. Jude Medical S.C., Inc.*,
No. 4:16-cv-00812, 2018 WL 3099709 (E.D. Tex. June 25, 2018)....4

*Soverain IP, LLC v. AT&T, Inc.*,
No. 2:17-cv-00293-RWS-RSP, 2017 WL 5126158 (E.D. Tex. Oct. 31, 2017)....6

*TC Heartland LLC v. Kraft Foods Group Brands LLC*,
137 S. Ct. 1514 (2017)....4, 5

*In re ZTE (USA) Inc.*,
890 F.3d 1008 (Fed. Cir. 2018)....4

**Statutes**

28 U.S.C. § 1400(b)....1, 4, 5

**Other Authorities**

Fed. R. Civ. P. 12(b)(3)....1, 3, 4

**TABLE OF AUTHORITIES**
**(continued)**

**Page(s)**

State of Delaware Department of State: Division of Corporations Entity Details listing for GoTV Networks, LLC, File No. 10126921, https://icis.corp.delaware.gov/eCorp/EntitySearch/NameSearch.aspx ......................................3

## I. INTRODUCTION

Pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure, Defendant The Home Depot, Inc. ("THD" or "Defendant") respectfully requests this Court to dismiss Plaintiff GoTV Networks LLC's ("GoTV") Complaint for improper venue.

THD is a holding company with no regular and established place of business in the Eastern District of Texas ("EDTX" or the "District"). It (i) has no street address or mailing address in EDTX, (ii) has no officers or employees in EDTX, (iii) does not own, lease, manage, or maintain any real property, office, residence, or building in EDTX, and (iv) does not manufacture, sell, operate, or otherwise provide any products or services of any nature to the public, including in EDTX. Moreover, THD does not own or operate Home Depot retail stores, the Home Depot website, or the Home Depot mobile app. As a result, THD does not and could not commit an act of infringement in EDTX, and venue is accordingly improper in this District pursuant to 28 U.S.C. § 1400(b). This matter should be dismissed pursuant to Fed. R. Civ. P. 12(b)(3).

## II. FACTUAL AND PROCEDURAL BACKGROUND

GoTV filed the instant Complaint on March 17, 2026, alleging infringement of U.S. Patent Nos. 8,009,619 (the "'619 patent"), 9,766,080 (the "'080 patent"), 10,254,378 (the "'378 patent"), and 11,317,238 (the "'238 patent") (collectively "the patents-in-suit"). *See generally* D.I. 1, GoTV Complaint. While GoTV alleges that "Home Depot conducts business nationally, including within this district," (Complaint, p. 2 ¶ 6), its infringement allegations are not targeted at physical products such as hardware or light bulbs sold in Home Depot stores located in this District. Instead, they concern the operations of Home Depot servers and systems located outside the District. Declaration of Jeffrey A. Langer, ¶ 9 ("Langer Decl.").

GoTV generally accuses the "Home Depot System" of infringing the patents-in-suit, which it defines as "comprising Home Depot Products and Services and/or that enable Home Depot

Products and Services to operate, including but not limited to servers, server hardware, server software, website software, webservers, client-side software, mobile software, mobile app software, and browser executable software, software development kits (SDKs), and/or any of the foregoing which are supplied by Home Depot's technology vendors that act on its behalf." Complaint, p. 5 ¶ 20. For example:

- First, asserted claim 1 of the '619 patent is directed to "a specific server-side method that implements the [a] technical solution." *Id.* at p. 9 ¶ 38 (emphasis added). Plaintiff accuses of infringement "the Home Depot System" and "Home Depot backend," which it identifies as " a system of backend enterprise servers, databases, and associated computer systems" and a "collection of . . . backend computer systems, including processors, memory, and executable code." *Id.* at p. 31–32, ¶¶ 95, 98.

- Second, asserted claim 13 of the '080 patent is allegedly drawn to "methods and systems for performing location-based computer processing based on position data from multiple location providers." *Id.* at p. 14, ¶ 53 (emphasis added). GoTV again accuses the "Home Depot System," which here corresponds to backend servers, databases, and computer systems. *Id.* at p. 44, 78–79, ¶¶ 111, 136–37.

- Third, asserted claim 1 of the '378 patent is directed to "a solution for accurately tracking a mobile device in a bounded area using specific computer-implemented techniques." *Id.* at p. 18, ¶ 67 (emphasis added). Again, GoTV accuses the "Home Depot System" of infringement, which again corresponds to backend servers, databases, and computer systems. *Id.* at p. 79, 97–98, ¶¶ 142, 154–55.

- Fourth, asserted claim 1 of the '238 patent "recites a non-transitory computer-readable medium storing code for [the claimed] process." *Id.* at p. 25, ¶ 87 (emphasis added). Like the other asserted patents, GoTV again accuses the "Home Depot System" of infringement. *Id.* at p. 98–99, 117, ¶¶ 160, 172, 174.

THD does not reside in this District, as it is a Delaware corporation with a principal place of business located at 2455 Paces Ferry Road, Atlanta, Georgia. Langer Decl. ¶ 3. GoTV alleges that venue is proper in this District because "Home Depot committed acts of infringement in this judicial district, maintains regular and established places of business in this judicial district, and maintains employees within this judicial district." Complaint, p. 7 ¶ 29. But these assertions are incorrect. THD is a holding company that is separate and distinct, legally and factually, from its

direct and indirect subsidiaries: THD and its subsidiaries each maintain their own independent corporation, partnership, or limited liability company status, identity, and structure. Langer Decl. ¶ 4. THD itself has no physical presence in the Eastern District of Texas. It has no street address or mailing address in EDTX, and does not own, lease, manage, or maintain any real property, office, residence, or building in EDTX. *Id.* ¶ 5. THD has no employees resident in EDTX. *Id.* ¶ 6. It does not manufacture, sell, or otherwise provide any products or services of any nature to the public, including in this District, and therefore no product or service could find its way through the stream of commerce into EDTX. *Id.* ¶ 7. THD simply does not transact any business in this District. *Id.* ¶¶ 5–7. Moreover, THD does not manage, control, or operate the Home Depot retail stores, website or mobile application, or sell any products or services through the Home Depot store or website. *Id.* ¶¶ 5–8.

GoTV was apparently formed as a Delaware corporation on March 11, 2025. *See* https://icis.corp.delaware.gov/eCorp/EntitySearch/NameSearch.aspx (State of Delaware Department of State: Division of Corporations Entity Details listing for GoTV Networks, LLC, File No. 10126921). GoTV lists its principal place of business as 300 Delaware Avenue, Suite 210, Wilmington, DE 19801, but GoTV, but it does not appear to conduct any business from that office aside from the filing of lawsuits. *See*, *e.g.*, Complaint at 1, ¶ 3. Since its formation on or about March 11, 2025, GoTV does not appear to have designed, developed, made, or sold any products, or attempted to do so.

## III. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(3) allows defendants to move to dismiss based on improper venue. Fed. R. Civ. P. 12(b)(3). To establish that venue is proper, a plaintiff pleading patent infringement must show that a corporate defendant either (1) resides—*i.e.*, is incorporated—in this District, or (2) has both maintained a regular and established place of business, *and* has

committed acts of infringement, in this District. 28 U.S.C. § 1400(b); *TC Heartland LLC v. Kraft Foods Group Brands LLC*, 137 S. Ct. 1514, 1516–17 (2017). A "regular and established place of business" must be: (1) "a physical place in the district"; (2) "regular and established"; and (3) "the place of the defendant." *Celgene Corp. v. Mylan Pharmaceuticals, Inc.,* 17 F.4th 1111, 1122 (Fed. Cir. 2021); *In re Cray Inc.*, 871 F.3d 1355, 1360-64 (Fed. Cir. 2017).

A plaintiff must meet its burden of establishing that venue is proper under Section 1400(b). *See Snyders Heart Valve LLC v. St. Jude Medical S.C., Inc.*, No. 4:16-cv-00812, 2018 WL 3099709, at *6 (E.D. Tex. June 25, 2018) (citing *In re ZTE (USA) Inc.*, 890 F.3d 1008, 1013–1014 (Fed. Cir. 2018)). In the 12(b)(3) context, the well-pleaded facts in a plaintiff's complaint are initially accepted as true, but only to the extent that they are uncontroverted by a defendant's affidavit. *See Kranos IP Corp. v. Riddell, Inc.*, No. 2:17-CV-443-JRG, 2017 WL 3704762, at *2 (E.D. Tex. Aug. 28, 2017) (collecting cases). Moreover, plaintiff's conclusory allegations, even if uncontroverted, are not given credit. *Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 869 (5th Cir. 2001); *see also AlexSam, Inc. v. Simon Prop. Grp. (Texas), L.P.*, No. 2:19-CV-00331-JRG, 2021 WL 9816147, at *1 (E.D. Tex. Aug. 19, 2021) (in reviewing a Rule 12(b)(3) motion, "the court need not credit conclusory allegations"); *Aeritas, LLC v. Darden Corp.*, No. 6:20-CV-00938-ADA, 2021 WL 4868430, at *1 (W.D. Tex. Oct. 18, 2021) ("Yet a plaintiff may not simply rely on legally conclusory statements to survive a motion to dismiss [for improper venue].").

## IV. ARGUMENT: VENUE IS IMPROPER UNDER SECTION 1400(B)

### A. The First Prong of Section 1400(b): THD Does Not "Reside" in the Eastern District of Texas.

GoTV acknowledges that THD is a Delaware corporation. Complaint, p. 1–2, ¶¶ 4–5; *accord* Langer Dec. ¶ 3. It is undisputed that THD does not "reside" in EDTX for purposes of Section 1400(b)'s first prong. *TC Heartland*, 137 S. Ct. 1514 at 1517 (holding that "a domestic corporation 'resides' only in its state of incorporation for purposes of the patent venue statute [Section 1400(b)]"); *TC Heartland*, 137 S. Ct. 1514 at 1521 ("[a]s applied to domestic corporations, 'reside[nce]' in §1400(b) refers only to the state of incorporation.").

### B. The Second Prong of Section 1400(b)

As THD does not "reside" in the District under the first prong of §1400(b), venue can be proper in this District only if both parts of the second prong of §1400(b) apply. But THD does not meet the requirements of the second prong. First, THD does not have a "regular and established place of business" in the District. Second, THD has not "committed acts of infringement" in this District.

#### 1. THD Does Not Have a "Regular and Established Place of Business" in the Eastern District of Texas.

In support of its allegation that THD has a "regular and established place of business" within this District, GoTV relies on the presence of Home Depot retail store locations and employees in the District. Complaint, p. 3, 7, ¶¶ 15, 29. But any retail store locations are not owned, leased, or operated by—or otherwise attributable to—THD. Langer Decl. ¶ 4–5. THD is a mere holding company for its direct and indirect subsidiaries. THD has no street address or mailing address in EDTX, has no real property, office, residence, building, or other physical presence in this District, has no employees resident in this District, provides no products or services to the public in this District, and does no business in this District. *Id.* ¶¶ 4–7. For these reasons, THD

does not have a "regular and established place of business" in this District. *Andra Grp., LP v. Victoria's Secret Stores, LLC,* No. 4:19-cv-288-ALM-KPJ, 2020 WL 2478546, at *2 (E.D. Tex. Feb. 24, 2020), *report and recommendation adopted*, 2020 WL 1465894, *aff'd* 6 F.4th 1283 (Fed. Cir. 2021) (holding that venue was improper as to Victoria's Secret corporate parent L Brands, Inc. and two of its subsidiaries, because the defendants "do not maintain offices, buildings, or employees in the District" and therefore "do not have a physical presence in the District").

GoTV also alleges, albeit incorrectly and in conclusory fashion, that (a) "Home Depot, on its own and/or via its divisions, subsidiaries, partners, and affiliates maintains a corporate and commercial presence in the United States, including in the State of Texas and in this judicial district," and (b) " one or more of the accused Home Depot Products and Services and/or Home Depot System were made, used, sold and offered for sale by Home Depot, its subsidiaries and/or agents, in the Eastern District of Texas." Complaint, p. 4, 6 ¶¶ 18, 24 (emphasis added). These allegations as against THD are untrue for all of the same foregoing reasons—the retail stores, website and mobile application are not operated by or otherwise attributable to THD. Langer Decl. ¶¶ 4–9. THD is legally and factually separate and distinct from its subsidiaries, and THD and its subsidiaries each maintain their own independent corporation, partnership, or limited liability company status, identity, and structure. Langer Decl. ¶ 4. A subsidiary's presence in a judicial district cannot be imputed to the parent for venue purposes so long as the two entities maintain formal corporate separateness. *See Celgene Corp.*, 17 F. 4th at 1125, *quoting Andra Grp.*, 6 F.4th at 1289 ("where related companies have maintained corporate separateness, the place of business of one corporation is not imputed to the other for venue purposes"); *Soverain IP, LLC v. AT&T, Inc.*, No. 2:17-cv-00293-RWS-RSP, 2017 WL 5126158, at *1 (E.D. Tex. Oct. 31, 2017).

THD has no "regular and established place of business" in this District.

### 2. THD Has Not "Committed Acts of Infringement" in the Eastern District of Texas.

GoTV also cannot meet its burden under the second prong of the patent venue statute for THD because it has not alleged any nonconclusory facts demonstrating that THD has committed acts of infringement in this District. As discussed above, THD is a mere holding company that neither has a physical presence nor transacts any business in this District—it does not manage, control, or operate the Home Depot retail stores, website or mobile application, does not have any involvement with its functionality, and does not sell any products or services through Home Depot's brick and mortar stores or www.homedepot.com. Langer Decl. ¶¶ 4–9. THD therefore has not (because it could not have) "committed acts of infringement" in the Eastern District of Texas. The Langer Declaration submitted herewith attested to these facts and sufficiently controverts the Complaint's conclusory allegations on these points. *Kranos IP Corp.*, 2017 WL 3704762, at *2.[1]

## V. CONCLUSION

Venue over THD is improper because it does not reside in this District, since it is incorporated in Delaware with a principal place of business in Georgia. Venue over THD also is improper because it does not have a regular and established place of business in this District and because there can be no act of infringement committed in this District. For at least the above reasons, the Court should dismiss GoTV's Complaint *with prejudice* and grant any other relief it may deem appropriate.

[1] As noted above, Plaintiff accuses of infringement "the Home Depot System" and "Home Depot backend," which it identifies as " a system of backend enterprise servers, databases, and associated computer systems" and a "collection of . . . backend computer systems, including processors, memory, and executable code." *Id.* at p. 31–32, ¶¶ 95, 98. These systems and servers sit outside EDTX. Langer Decl., ¶ 9. To the extent Plaintiff attempts to amend its Complaint to include different Home Depot entities, Defendant reserves the right to assert that no "act of infringement" is committed in EDTX by any such entity for this separate and independent reason.

Dated: June 10, 2026

Respectfully submitted,

*/s/ Nicholas G. Papastavros*
Nicholas G. Papastavros
DLA PIPER LLP (US)
33 Arch Street, 26th Floor
Boston, MA 02110-1447
Telephone: 617.406.6000
Facsimile: 617.406.6119
nick.papastavros@dlapiper.com

Eric Hugh Findlay
Stuart Hene
Findlay Craft, P.C.
7270 Crosswater Avenue Suite B
Tyler, TX 75703
Telephone: 903-534-1100
Facsimile: 903-534-1137
Efindlay@findlaycraft.Com
Email:Stuart@findlaycraft.Com

**ATTORNEYS FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

I certify that the foregoing document was filed electronically on June 10, 2026, pursuant to Local Rule CV-5(a) and has been served on all counsel who have consented to electronic service.

*/s/ Nicholas G. Papastavros*
Nicholas G. Papastavros